UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITTANIE MCGEE,<br><br>                  Plaintiff,<br><br>    v.<br><br>BLACKROCK, INC.,<br><br>                 Defendant. | **<u>BLACKROCK, INC.'S ANSWER TO COMPLAINT</u>**<br><br>No. 1:21-cv-00757-VSB |

Defendant BlackRock, Inc. ("Defendant" or "BlackRock"), by its attorneys, Orrick, Herrington & Sutcliffe LLP, for its Answer to the Complaint in the above-captioned matter, responds as follows:

<u>**RESPONSE TO "PRELIMINARY STATEMENT"**</u>

1.    BlackRock admits taking actions in 2020 to advance the firm's efforts to promote racial equity and inclusion.  To the extent the allegations contained in paragraph 1 purport to characterize written documents, those documents speak for themselves.  BlackRock denies the remaining allegations contained in paragraph 1.

2.    To the extent the allegations contained in paragraph 2 purport to characterize written documents, those documents speak for themselves.  BlackRock denies the remaining allegations contained in paragraph 2.

3.    To the extent the allegations contained in paragraph 3 purport to characterize written documents, those documents speak for themselves.  BlackRock denies the remaining allegations contained in paragraph 3.

4.      BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4 regarding how certain employees "labeled" the firm. BlackRock denies the remaining allegations contained in paragraph 4.

5.      BlackRock admits that Martin Small, Head of BlackRock's United States Wealth Advisory ("USWA") group, is a white male.   BlackRock denies the remaining allegations contained in paragraph 5.

6.      BlackRock denies the allegations contained in paragraph 6.

7.      BlackRock denies the allegations contained in paragraph 7.

8.      BlackRock denies the allegations contained in paragraph 8.

9.      BlackRock denies the allegations contained in paragraph 9.

10.     BlackRock admits that Plaintiff worked at BlackRock as a financial services professional from 2014 to 2020.   BlackRock denies the remaining allegations contained in paragraph 10.

11.     BlackRock denies the allegations contained in paragraph 11.

12.     BlackRock denies the allegations contained in paragraph 12.

13.     BlackRock denies the allegations contained in paragraph 13.

14.     BlackRock admits that its HR representatives informed Plaintiff that they would investigate her concerns.   BlackRock denies the remaining allegations contained in paragraph 14.

15.     BlackRock denies the allegations contained in paragraph 15.

16.     BlackRock denies the allegations contained in paragraph 16.

17.     BlackRock denies the allegations contained in paragraph 17.

18.     Paragraph 18 contains a legal conclusion to which no answer or other response is required.   To the extent that a response is required, BlackRock admits that Plaintiff purports to

"bring[] this action" pursuant to the statutes cited therein, but denies the remaining allegations in paragraph 18.

## RESPONSE TO "JURISDICTION AND VENUE"

19.      Paragraph 19 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 19 is deemed necessary, BlackRock admits that this Court has subject matter jurisdiction over this action.

20.      Paragraph 20 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 20 is deemed necessary, BlackRock admits that this Court has supplemental jurisdiction over Plaintiff's state and city claims.

21.      Paragraph 21 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 21 is deemed necessary, BlackRock admits that venue is proper.

22.      BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

## RESPONSE TO "PARTIES"

23.      BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 23 regarding Plaintiff's residence.  The remainder of paragraph 23 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 23 is deemed necessary, BlackRock denies the remaining allegations contained in paragraph 23.

24.      BlackRock admits the allegations contained in the first sentence of paragraph 24. The remainder of paragraph 24 consists of a legal conclusion to which no answer or other response

is required.  To the extent that a response to such allegations contained in paragraph 24 is deemed necessary, BlackRock avers that Plaintiff was employed by BlackRock Investment Management, LLC, which is wholly owned by BlackRock, Inc.

## RESPONSE TO "FACTUAL ALLEGATIONS"

25.     BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     BlackRock admits that Plaintiff began her employment with BlackRock in December 2014 reporting to Matt Koth, but denies that Plaintiff worked as an Associate at that time.  BlackRock denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26.

27.     BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     BlackRock denies the allegations contained in paragraph 28.

29.     BlackRock denies the allegations contained in paragraph 29.

30.     BlackRock denies the allegations contained in paragraph 30.

31.     BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, except denies the allegation to the extent it suggests that Plaintiff was not invited to any events prior to the fall of 2016.

32.     BlackRock denies the allegations contained in paragraph 32.

33.     BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     BlackRock denies knowledge or information sufficient to form a belief as to Plaintiff's allegation in paragraph 35 that she "felt humiliated." BlackRock denies the remaining allegations contained in paragraph 35.

36.     BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.     BlackRock denies the allegations contained in paragraph 37.

38.     BlackRock admits that, in 2017, Plaintiff expressed an interest in working with the alternative investment business to Scott Reeder. BlackRock denies the remaining allegations contained in paragraph 38, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged reasons for wanting to work with the alternative investment business as alleged in paragraph 38.

39.     BlackRock denies the allegations contained in paragraph 39, and avers that Reeder agreed to begin including Plaintiff in the planning for the alternative business and by early 2018, after she had transitioned her previous coverage area to another colleague, her full-time focus was on the alternatives business.

40.     BlackRock denies the allegations contained in paragraph 40.

41.     BlackRock denies the allegations contained in paragraph 41 and avers that after Plaintiff had transitioned her previous coverage area to another colleague, her full-time focus was on the alternatives business within USWA.

42.     BlackRock denies the allegations contained in paragraph 42 and avers that it did not require any members of the alternative team, including Plaintiff, to perform two full-time roles. BlackRock denies the remaining allegations contained in paragraph 42.

43.     BlackRock denies the allegations contained in paragraph 43.

44.     BlackRock denies the allegations contained in paragraph 44.

45.     BlackRock admits the allegations in paragraph 45, except denies knowledge or information sufficient to form a belief as to whether the meeting occurred on May 2, 2018.

46.     BlackRock admits that Plaintiff discussed her concerns of perceived unfair treatment with Sarah Hallac.   BlackRock denies the remaining allegations contained in paragraph 46.

47.     BlackRock admits that Sarah Hallac spoke to Robert Eaton after meeting with Plaintiff.  BlackRock denies the remaining allegations contained in paragraph 47.

48.     BlackRock denies the allegations contained in paragraph 48.

49.     BlackRock denies the allegations contained in paragraph 49.

50.     BlackRock admits that Plaintiff received a mid-year performance review in the middle of 2018, but denies Plaintiff's characterization of the review as "stellar" and avers that Plaintiff's 2018 mid-year review contained several areas for improvement and further avers that the document speaks for itself.  BlackRock admits that Plaintiff earned an award for "most valuable win" in 2018, but avers that multiple employees on an account team were recognized in announcing the award.

51.     BlackRock admits the allegations contained in paragraph 51.

52.     BlackRock admits that Plaintiff addressed her work in the alternatives business when discussing a possible promotion in 2018.  BlackRock denies the remaining allegations contained in paragraph 52.

53.     BlackRock denies the allegations contained in paragraph 53.  BlackRock avers that Plaintiff had not progressed on the areas of improvement identified by her manager to support a promotion effective in 2019.

54.     BlackRock denies the allegations contained in paragraph 54.

55.     BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 55 regarding what Plaintiff "understood" about the promotion process.  BlackRock further denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 55 regarding Plaintiff feeling "[e]xhausted" or "excited" about the promotion process.  BlackRock denies the remaining allegations contained in paragraph 55.

56.     BlackRock denies the allegations contained in paragraph 56.

57.     BlackRock admits that Plaintiff did not receive a promotion effective in 2019.

58.     BlackRock admits that Mike Valenti, a white male, was promoted in 2019. BlackRock denies the remaining allegations contained in paragraph 58.

59.     BlackRock denies the allegations contained in paragraph 59.  BlackRock avers that Plaintiff had not progressed on the areas of improvement identified by her manager to support a promotion effective in 2019.

60.     BlackRock admits that Plaintiff did not interview in 2018 for a promotion effective in 2019 and avers that Plaintiff had not progressed on the areas of improvement identified by her manager to support a promotion.   BlackRock denies the remaining allegations contained in paragraph 60.

61.     BlackRock admits that, in 2018, Plaintiff asked Reeder why she was not promoted. BlackRock denies the remaining allegations contained in paragraph 61.

62.     BlackRock admits that, in 2018, Reeder did not recommend Plaintiff for a promotion to the promotion committee and avers that Reeder decided that Plaintiff had not progressed on the areas of improvement identified by him to support a promotion effective in 2019.

63.     BlackRock admits that Plaintiff asked Reeder about Valenti's promotion. BlackRock denies the remaining allegations contained in paragraph 63.

64.     BlackRock admits that Plaintiff met with Salim Ramji, Senior Managing Director and then Head of USWA in or about December 2018.  BlackRock denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64.

65.     BlackRock denies the allegations contained in paragraph 65.

66.     BlackRock denies the allegations contained in paragraph 66.

67.     BlackRock admits that Ramji suggested that Plaintiff meet with Ramji and Reeder. BlackRock denies the remaining allegations contained in paragraph 67.

68.     BlackRock admits that Plaintiff met with Ramji and Reeder on or about January 8, 2019.  BlackRock denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68.

69.     BlackRock admits that Ramji accepted another position within BlackRock in 2019 and Small became the Head of USWA.  BlackRock denies the remaining allegations contained in paragraph 69.

70.     BlackRock admits that Jack Barlow is a white male and avers that it hired Barlow as a Director in June 2018.  BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 70 regarding Plaintiff "feel[ing] uncomfortable" by Jack Barlow's alleged actions.   BlackRock denies the remaining allegations contained in paragraph 70.

71.     BlackRock admits that Plaintiff talked to Reeder about feeling excluded when working with Bobker and Diorio. BlackRock denies the remaining allegations contained in paragraph 71.

72.    BlackRock admits that Reeder is a white male.  BlackRock denies the remaining allegations contained in paragraph 72.

73.    BlackRock admits that Reeder spoke with Bobker and Diorio about Plaintiff's alleged concerns.  BlackRock denies the remaining allegations contained in paragraph 73.

74.    BlackRock denies the allegations contained in paragraph 74.

75.    BlackRock admits that Plaintiff and Barlow reported to Reeder and were based in New York City.  BlackRock denies the remaining allegations contained in paragraph 75.

76.    BlackRock admits that Plaintiff and Barlow worked with certain of the same clients, such as Morgan Stanley and UBS, but avers that Plaintiff and Barlow had different responsibilities with regard to those clients.   BlackRock denies the remaining allegations contained in paragraph 76.

77.    BlackRock denies the allegations contained in paragraph 77, but avers that due diligence and capital calls were amongst Plaintiff's job responsibilities.

78.    BlackRock denies the allegations contained in paragraph 78.

79.    BlackRock denies the allegations contained in paragraph 79.

80.    BlackRock admits that Plaintiff and Ryan Zirkle worked on Reeder's broader team and were based in New York City.  BlackRock denies the remaining allegations contained in paragraph 80.

81.    BlackRock denies the allegations contained in paragraph 81.

82.    BlackRock admits that Plaintiff, Bill Monahan, and Mike Valenti worked on Reeder's broader team and were based in New York City.  BlackRock denies the remaining allegations contained in paragraph 82.

83.     BlackRock admits that it hired Bill Monahan in 2015, six months after Plaintiff joined BlackRock.  BlackRock further admits that Plaintiff trained Monahan on internal tools and systems, but avers that Plaintiff provided no business training to Monahan.  BlackRock avers that Monahan had more direct client-facing and client engagement experience than Plaintiff. BlackRock denies the remaining allegations contained in paragraph 83.

84.     BlackRock admits that Plaintiff and Monahan worked with certain of the same clients, such as Morgan Stanley, but avers that Plaintiff and Monahan had different responsibilities with regard to those clients.

85.     BlackRock admits that Valenti joined Reeder's broader team in 2018.  BlackRock denies the remaining allegations contained in paragraph 85.

86.     BlackRock denies the allegations contained in paragraph 86.

87.     BlackRock denies the allegations contained in paragraph 87.

88.     BlackRock admits that Plaintiff met with HR representatives Sam Engel in April 2019 and Alex Reynolds on or about July 18, 2019 to discuss Plaintiff's concerns of perceived unfair treatment.

89.     BlackRock admits that its HR representatives listened to Plaintiff's concerns, took notes, and informed Plaintiff that they would investigate her concerns.  BlackRock denies the remaining allegations contained in paragraph 89.

90.     BlackRock denies the allegations contained in paragraph 90.

91.     BlackRock admits that Plaintiff did not receive a promotion effective in 2020 and received a reduced performance rating for 2019.  BlackRock denies the remaining allegations contained in paragraph 91.

92.    BlackRock admits that Plaintiff met with a Black senior executive at BlackRock and expressed her frustration.  BlackRock denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 92.

93.    BlackRock denies the allegations contained in paragraph 93.

94.    BlackRock denies the allegations contained in paragraph 94.

95.    BlackRock denies the allegations contained in paragraph 95.

96.    BlackRock denies the allegations contained in paragraph 96.

97.    BlackRock admits that the senior executive spoke with Tara Williams, BlackRock's Americas Head of Employee Relations, about Plaintiff's concerns.  BlackRock denies the remaining allegations contained in paragraph 97.

98.    BlackRock admits that Plaintiff met with Williams to discuss Plaintiff's concerns of perceived unfair treatment.  BlackRock denies the remaining allegations contained in paragraph 98.

99.    BlackRock denies the allegations contained in paragraph 99.

100.    BlackRock denies the allegations contained in paragraph 100.

101.    BlackRock admits that Plaintiff and Williams met in January 2020 to further discuss Plaintiff's concerns of perceived unfair treatment.  BlackRock denies the remaining allegations contained in paragraph 101.

102.    BlackRock denies the allegations contained in paragraph 102.

103.    BlackRock denies the allegations contained in paragraph 103.

104.    BlackRock denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 and as what Plaintiff "understood".

105.    BlackRock denies the allegations contained in paragraph 105.

106.    BlackRock admits that Plaintiff's employment continued after her meeting with Williams.  BlackRock denies the remaining allegations contained in paragraph 106.

107.    BlackRock denies the allegations contained in paragraph 107.

108.    BlackRock denies the allegations contained in paragraph 108.

109.    BlackRock denies the allegations contained in paragraph 109.

110.    BlackRock admits the allegations contained in paragraph 110.

111.    BlackRock denies the allegations contained in paragraph 111.

112.    BlackRock admits that Fink held a global town hall meeting to address racial equity and inclusion.  BlackRock denies the remaining allegations contained in paragraph 112.

113.    BlackRock denies the allegations contained in paragraph 113.

114.    BlackRock denies knowledge or information sufficient to form a belief as to Plaintiff's allegation in paragraph 114 that she was "stunned" after a town hall meeting. BlackRock denies the remaining allegations contained in paragraph 114.

115.    BlackRock denies the allegations contained in paragraph 115.

116.    BlackRock admits that Plaintiff sent an email to Martin Small, the head of USWA, in response to his email regarding recent events.  BlackRock further admits that Small is a white male.  BlackRock denies the remaining allegations contained in paragraph 116.

117.    To the extent the allegations contained in paragraph 117 purport to characterize written documents, those documents speak for themselves. BlackRock denies the remaining allegations contained in paragraph 117.

118.    To the extent the allegations contained in paragraph 118 purport to characterize written documents, those documents speak for themselves.  BlackRock denies the remaining allegations contained in paragraph 118.

119.    To the extent the allegations contained in paragraph 119 purport to characterize written documents, those documents speak for themselves. BlackRock denies the remaining allegations contained in paragraph 119.

120.    To the extent the allegations contained in paragraph 120 purport to characterize written documents, those documents speak for themselves. BlackRock denies the remaining allegations contained in paragraph 120.

121.    BlackRock admits that Small responded to Plaintiff's email.  To the extent the allegations contained in paragraph 121 purport to characterize written documents, those documents speak for themselves.  BlackRock denies the remaining allegations contained in paragraph 121.

122.    To the extent the allegations contained in paragraph 122 purport to characterize written documents, those documents speak for themselves.  BlackRock denies the remaining allegations contained in paragraph 122.

123.    BlackRock denies the allegations contained in paragraph 123.

124.    BlackRock admits that Plaintiff and Williams met in or about July 2020 to discuss Plaintiff's concerns of perceived unfair treatment.  BlackRock denies the remaining allegations contained in paragraph 124.

125.    BlackRock admits that Plaintiff voiced concerns about USWA's diversity and inclusion efforts.  BlackRock denies the remaining allegations contained in paragraph 125.

126.    BlackRock denies the allegations contained in paragraph 126.

127.    BlackRock denies the allegations contained in paragraph 127.

128.    BlackRock denies the allegations contained in paragraph 128.

129.    BlackRock denies the allegations contained in paragraph 129.

130.    BlackRock denies the allegations contained in paragraph 130.

131.    BlackRock denies the allegations contained in paragraph 131.

132.    BlackRock admits the allegations contained in paragraph 132.

133.    BlackRock admits that Reeder made positive remarks about certain aspects of Plaintiff's performance, but denies Plaintiff's characterization that Reeder "praised" her performance.  BlackRock avers that Plaintiff's 2020 mid-year review contained several areas for improvement and that the document speaks for itself.

134.    BlackRock denies the allegations contained in paragraph 134.

135.    BlackRock denies the allegations contained in paragraph 135.

136.    BlackRock denies the allegations contained in paragraph 136, but avers that BlackRock began planning a new fund during the summer of 2020.

137.    BlackRock admits that Plaintiff expressed interest in the fund strategy to Reeder, and avers that Reeder told Plaintiff she would have a role in client engagement of the fund strategy. BlackRock denies the remaining allegations contained in paragraph 137.

138.    BlackRock denies the allegations contained in paragraph 138.

139.    BlackRock admits that Plaintiff voluntary resigned from the firm and told Reeder that she had accepted a role outside of BlackRock.  BlackRock denies the remaining allegations contained in paragraph 139.

## RESPONSE TO "FIRST CAUSE OF ACTION"
### (Discrimination in Violation of Section 1981)

140.    BlackRock realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

141.    Paragraph 141 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 141 is deemed necessary, BlackRock denies the allegations in paragraph 141.

142.     Paragraph 142 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 142 is deemed necessary, BlackRock denies the allegations in paragraph 142.

143.     Paragraph 143 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 143 is deemed necessary, BlackRock denies the allegations in paragraph 143 and that Plaintiff is entitled to any of the relief sought therein.

### RESPONSE TO "SECOND CAUSE OF ACTION"
**(Retaliation in Violation of Section 1981)**

144.     BlackRock realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

145.     Paragraph 145 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 145 is deemed necessary, BlackRock denies the allegations in paragraph 145.

146.     Paragraph 146 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 146 is deemed necessary, BlackRock denies the allegations in paragraph 146.

147.     Paragraph 147 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 147 is deemed necessary, BlackRock denies the allegations in paragraph 147 and that Plaintiff is entitled to any of the relief sought therein.

## RESPONSE TO "THIRD CAUSE OF ACTION"
### (Discrimination in Violation of the Executive Law)

148.    BlackRock realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

149.    Paragraph 149 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 149 is deemed necessary, BlackRock denies the allegations in paragraph 149.

150.    Paragraph 150 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 150 is deemed necessary, BlackRock denies the allegations in paragraph 150.

151.    Paragraph 151 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 151 is deemed necessary, BlackRock denies the allegations in paragraph 151 and that Plaintiff is entitled to any of the relief sought therein.

## RESPONSE TO "FOURTH CAUSE OF ACTION"
### (Retaliation in Violation of the Executive Law)

152.    BlackRock realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

153.    Paragraph 153 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 153 is deemed necessary, BlackRock denies the allegations in paragraph 153.

154.    Paragraph 154 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 154 is deemed necessary, BlackRock denies the allegations in paragraph 154.

155.    Paragraph 155 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 155 is deemed necessary, BlackRock denies the allegations in paragraph 155 and that Plaintiff is entitled to any of the relief sought therein.

## RESPONSE TO "FIFTH CAUSE OF ACTION"
### (Discrimination in Violation of the City Law)

156.    BlackRock realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

157.    Paragraph 157 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 157 is deemed necessary, BlackRock denies the allegations in paragraph 157.

158.    Paragraph 158 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 158 is deemed necessary, BlackRock denies the allegations in paragraph 158.

159.    Paragraph 159 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 159 is deemed necessary, BlackRock denies the allegations in paragraph 159 and that Plaintiff is entitled to any of the relief sought therein.

## RESPONSE TO "SIXTH CAUSE OF ACTION"
### (Retaliation in Violation of the City Law)

160.    BlackRock realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

161.    Paragraph 161 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 161 is deemed necessary, BlackRock denies the allegations in paragraph 161.

162.    Paragraph 162 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 162 is deemed necessary, BlackRock denies the allegations in paragraph 162.

163.    Paragraph 163 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 163 is deemed necessary, BlackRock denies the allegations in paragraph 163 and that Plaintiff is entitled to any of the relief sought therein.

## RESPONSE TO "SEVENTH CAUSE OF ACTION"
### (Discrimination in Violation of the EPA)

164.    BlackRock realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

165.    Paragraph 165 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 165 is deemed necessary, BlackRock denies the allegations in paragraph 165.

166.    Paragraph 166 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 166 is deemed necessary, BlackRock denies the allegations in paragraph 166.

## RESPONSE TO "EIGHTH CAUSE OF ACTION"
### (Discrimination in Violation of the NYSPEL)

167.    BlackRock realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

168.    Paragraph 168 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 168 is deemed necessary, BlackRock denies the allegations in paragraph 168.

169.    Paragraph 169 consists of a legal conclusion to which no answer or other response is required.  To the extent that a response to such allegations contained in paragraph 169 is deemed necessary, BlackRock denies the allegations in paragraph 169.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the requested relief.

### JURY DEMAND

Defendant admits that Plaintiff purports to demand a trial by jury.

\*       \*       \*

### AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant hereby asserts the defenses set forth below.  Defendant specifically reserves the right to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which any relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant's conduct with respect to Plaintiff was justified, effected in good faith, without malice, spite or conscious, reckless, or negligent disregard of Plaintiff's rights, if any, and without improper purpose or ill-will of any kind.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because the employment decisions at issue were not based upon discriminatory or retaliatory reasons, but were made for legitimate, non-discriminatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that even if it is determined that a discriminatory or retaliatory reason motivated the adverse employment action as alleged by Plaintiff, which Defendant has and continues to deny, Defendant would have, in any event, taken the same action based upon other legitimate, non-discriminatory or non-retaliatory reasons standing alone and in the absence of the alleged discriminatory or retaliatory reason.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to mitigate her damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Any loss, damage, or other injury suffered by Plaintiff as claimed was caused by Plaintiff's own actions or failure to act.

### SEVENTH AFFIRMATIVE DEFENSE

Any act or omission about which Plaintiff complains was taken in good faith.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may not recover punitive damages because, at the time of the alleged acts or omissions giving rise to her claim for punitive damages, Defendant had implemented in good faith one or more policies prohibiting the alleged acts or omissions and otherwise had made good faith efforts to comply with applicable law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any liquidated or punitive damages because Defendant did not commit, ratify, authorize or acquiesce in any malicious, willful, or reckless acts.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff has an adequate and complete remedy at law and has suffered no irreparable harm due to any conduct by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations applicable to her respective claims.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserve the right to amend its Answer to assert any such defenses.

\*       \*       \*

Dated:  March 26, 2021                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                          By:   */s/ Jill Rosenberg*
                                          Jill Rosenberg
                                          Lisa Lupion
                                          David B. Smith*
                                          51 West 52nd Street
                                          New York, NY 10019-6142
                                          T: 212-506-5000
                                          F: 212-506-5151
                                          jrosenberg@orrick.com
                                          llupion@orrick.com
                                          dsmith@orrick.com

                                          *Attorneys for Defendant*
                                          BLACKROCK, INC.

                                          * To be admitted *pro hac vice*